## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY C. FONTAINE, | ) | |
| | ) | No. 1:12-cv-08738 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY and MAYER BROWN LLP | ) | **JURY TRIAL DEMANDED** |
| HEALTH AND WELFARE PLAN | ) | |

## FIRST AMENDED COMPLAINT

Now comes the Plaintiff, MARY C. FONTAINE, by her attorneys, MARK D. DEBOFSKY, MARTINA F. BRENDEL, and DALEY, DEBOFSKY & BRYANT; and complaining against the Defendants, METROPOLITAN LIFE INSURANCE COMPANY and MAYER BROWN LLP HEALTH AND WELFARE PLAN, she states:

*Jurisdiction and Venue*

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consisted of a group long term disability ("LTD") insurance plan titled "Mayer Brown LLP Health and Welfare Plan," which is underwritten by the Metropolitan Life Insurance Company ("MetLife") and administered by Mayer Brown LLP ("Mayer Brown") for the benefit of Mayer Brown's partners and employees. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.

2. Jurisdiction over Plaintiff's state law breach of contract and bad faith claims is proper under 28 U.S.C. § 1367(a), which gives the district courts supplemental jurisdiction over claims which are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been deemed exhausted.

4. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

*Nature of Action*

5. This is a claim seeking recovery of LTD benefits due pursuant to a policy of group insurance administered and underwritten by MetLife, effective January 1, 2010 (Policy no. 120535-1-G), to provide LTD insurance benefits to partners and employees of Mayer Brown such as plaintiff under the terms of the LTD Plan (a true and correct copy of which is attached hereto as Exhibit A). This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)). In addition, this is an action for breach of contract arising out of MetLife's refusal to pay individual disability insurance ("IDI") benefits under an IDI policy issued by MetLife to plaintiff on January 1, 2010 (Policy No. 6561435 AH) (a true and accurate copy of which is attached hereto as Exhibit B).

*The Parties*

6. The plaintiff, Mary C. Fontaine ("Plaintiff") (d.o.b. xx/xx/1956), is a resident of Park Ridge, Illinois, located in the Northern District of Illinois. At all times relevant hereto, Plaintiff was a Mayer Brown partner and senior counsel, practicing in Chicago, Illinois.

7. The defendant, Metropolitan Life Insurance Company ("MetLife"), is an insurance company authorized and engaged in insurance business in the State of Illinois and in the Northern District of Illinois.

8. The defendant, Mayer Brown LLP Health and Welfare Plan ("the LTD Plan"), was operating and providing benefits at all times relevant hereto within the Northern District of Illinois.

9. At all times relevant hereto, the LTD Plan constituted an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1). Incident to her employment with Mayer Brown, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the LTD Plan.

*Statement of Facts*

10. Plaintiff was successfully employed as a Structured Finance Partner at Mayer Brown, and was actively at work until May 1, 2011, when she had to cease working due to the debilitating effects of myopic macular degeneration, which compromised her ability to read with the speed and accuracy required of her former occupation.

11. For and in consideration of premiums paid, MetLife issued and maintained a group policy of insurance (Policy no. 120535-1-G), to provide LTD insurance benefits to partners and employees of Mayer Brown in the event they become disabled. The LTD Plan, which was and is in full force and effect at all times relevant hereto, uses the following definition of disability:

> **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:
>
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:

3

- more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
- unable to perform each of the material duties of Your Own Occupation.

\* \* \*

**Own Occupation** means the duties that You regularly perform and that provides Your primary source of earned income. For Attorneys, Own Occupation means the specialty in the practice of law in which You were practicing just prior to the date Disability started. Such job is not limited to the specific position You have with the Policyholder or could have with any other employer.

12. For and in consideration of premiums paid, MetLife also issued to Plaintiff a policy of individual disability income insurance (Policy No. 6561435 AH), which was in full force and effect at all times material hereto and which defines "disability" as follows:

**Total Disability** or **Totally Disabled** means that due solely to impairment caused by Injury or Sickness, You are:

1. Before the end of the Regular Occupation Period shown on page 3[1]:
   a. Prevented from performing the material and substantial duties of Your Regular Occupation;
   b. Not Gainfully Employed; and
   c. Receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment.

2. After the Regular Occupation Period shown on page 3:
   a. Prevented from performing any occupation for which You are or become reasonably fitted by Your education, training, experience;
   b. Not Gainfully Employed; and
   c. Receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment.

\* \* \*

**Impairment** means a loss of use or function that can be evaluated by medical means.

\* \* \*

**Regular Occupation** means Your usual occupation (or occupations, if more than one) in which You are Gainfully Employed at the time You become Disabled. If You are not Gainfully Employed at the time Your Disability begins, Regular

---

[1] Page 3 of the IDI policy defines "Regular Occupation Period" as "to age 65." (*See* Exhibit B).

Occupation shall then mean any occupation(s) for which You are reasonably fitted by Your education, training or experience.

13. On or around May 3, 2011, Plaintiff submitted applications for disability benefits under both the LTD Plan and IDI policy. In support of her applications, Plaintiff submitted ample medical documentation, including a statement by her treating ophthalmologist, Robert Stein, M.D., certifying that she was disabled from her former occupation as a Structured Finance Partner due to myopic macular degeneration.

14. Contrary to the evidence submitted, on November 10, 2011, MetLife denied Plaintiff's claims for both LTD and IDI benefits.

15. On March 1, 2012, Plaintiff submitted a timely appeal of MetLife's denial of her LTD benefits pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. Plaintiff simultaneously appealed MetLife's denial of her IDI benefits. In support of her appeals, Plaintiff submitted reports and objective test results obtained by Michael Zost, O.D., an optometrist specializing in vision rehabilitation, and from Jon Michael, M.D., a retina specialist, both of whom affirmed that Plaintiff was disabled from her former occupation due to her visual condition. In addition, Plaintiff submitted a vocational assessment that objectively corroborated poor performance on multiple tests of reading proficiency, along with a driving evaluation that found Plaintiff should refrain from driving due to visual impairments.

16. Despite the submission of proof of claim that was more than adequate to support her disability claims, MetLife failed to respond to Plaintiff's appeal letter within 90 days of submission, the penultimate deadline set forth in the ERISA regulations at 29 C.F.R. § 2560.503-1(i)(3). Consequently, pursuant to 29 C.F.R. § 2560.503-1(l), the claim appeal is deemed denied and all appeal requirements have been exhausted. Therefore, this matter is ripe for judicial review.

## COUNT I - ERISA

1-16. Plaintiff realleges paragraphs 1-16 of the preceding allegations as paragraphs 1-16 of Count I of her Complaint, and by that reference, incorporates those allegations herein.

17. The evidence submitted to MetLife conclusively establishes that Plaintiff has continuously been unable to return to work as a Structured Finance Partner since she ceased working on May 1, 2011; and that Plaintiff is entitled to all LTD benefits due since October 28, 2011, and payable thereafter so long as Plaintiff continues to meet the LTD Plan's definition of disabled or until age 65 or the maximum benefit period.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendants and that the Court order the Defendants to pay all LTD benefits owed to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the Court order Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the Court determine and declare that the Plaintiff is entitled to ongoing benefits subject to the Policy's terms and conditions;

C. That the Court award Plaintiff her attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g); and

D. That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

## COUNT II – BREACH OF CONTRACT

1-16 Plaintiff realleges paragraphs 1-16 of the preceding allegations as paragraphs 1-16 of Count II of her Complaint, and by that reference, incorporates those allegations herein.

18. The evidence submitted to MetLife conclusively establishes that Plaintiff is eligible for disability benefits under the IDI policy, and that MetLife breached its duty of good faith and fair dealing as well as its obligation to pay Plaintiff benefits upon the submission of due proof of loss when it denied Plaintiff's claim for IDI benefits on November 10, 2011.

19. Defendant owes Plaintiff IDI benefit payments in the amount of $15,000.00 a month since her disability onset date following the conclusion of the 180 day elimination period, i.e., October 28, 2011, as well as interest payable thereon. In addition thereto, Plaintiff is entitled to a declaratory judgment regarding her ongoing entitlement to monthly disability benefit payments so long as she continues to meet the terms and conditions of the IDI policy.

WHEREFORE, Plaintiff prays for judgment against MetLife in an amount equal to the accrued amount of benefits due through judgment plus interest thereon, a declaration that benefits are to continue so long as Plaintiff continues to meet the IDI policy's requirements for payment of benefits, as well as any and all other relief to which Plaintiff is entitled.

## **COUNT III – BAD FAITH**

1-19. Plaintiff realleges paragraphs 1-19 of Count II as paragraphs 1-19 of Count III of her Complaint, and by that reference, incorporates those allegations herein.

20. There is and was in effect in the State of Illinois at all times relevant hereto a statute codified at 215 ILCS 5/155, which allows the court to assess penalties of up to $60,000 plus attorneys' fees against an insurance company that unreasonably and vexatiously refuses or delays payment of indemnity due.

21. MetLife's refusal to grant Plaintiff disability benefit payments despite being provided with more than sufficient medical and vocational evidence supporting her disability is vexatious and unreasonable, since there is no reasonable debate as to the Plaintiff's entitlement

to benefits. Plaintiff's entitlement to benefits was certified by treating and examining physicians, by vocational testing, and by other objective testing, while MetLife's determination is unsupported by substantial evidence. Despite the certainty of Plaintiff's proofs, MetLife has forced Plaintiff to initiate this lawsuit in order to secure benefits due to her; and MetLife has not engaged in a reasonable claims process that gives full and fair consideration to the evidence supporting disability or which comports with its implied duty of good faith and fair dealing. By reason thereof, Plaintiff is entitled to all benefits that have accrued since the conclusion of the elimination period in the policy as well as penalties, interest, and fees.

WHEREFORE, Plaintiff prays that MetLife be assessed the maximum penalty allowable pursuant to 215 ILCS 5/155, and that MetLife be ordered to pay Plaintiff's attorneys' fees and court costs, as well as any and all other relief to which Plaintiff is entitled.

### *Jury Demand*

Plaintiff demands trial by jury as to Count II.

Dated: December 12, 2012                                  Respectfully submitted,

/s/ Mark D. DeBofsky
_____
Attorney for Plaintiff
Mark D. DeBofsky

Mark D. DeBofsky
Martina Brendel
Daly, DeBofsky & Bryant
55 W. Monroe St. Ste. 2440
Chicago, IL 60603
(312) 372-5200 (phone)
(312) 372-2778 (fax)

**CERTIFICATE OF SERVICE**

To: Warren von Schleicher
 Jacqueline J. Herring
 Smith, von Schleicher & Associates
 180 N. LaSalle, Suite 3130
 Chicago, Illinois 60601

Mark D. DeBofsky, the undersigned attorney, certifies that he served a copy of the foregoing upon the Clerk of Court and all counsel of record by CM/ECF, on December 12, 2012.

/s/ Mark D. DeBofsky
_____
Mark D. DeBofsky
One of Plaintiff's Attorneys